

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-2-2005

# Carston v. Sacks

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2398

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Carston v. Sacks" (2005). *2005 Decisions*. Paper 170.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/170

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2398
_____

CHRISTOPHER CARSTON,

Appellant

V.

DAVID SACKS; MARE MARKIEWICZ; ERIC VALKCO; KRONH; DALEEP
RATHORE; STANLEY FALOR; MORRIS HARPER; BRIAN HYDE; SUSAN
CROFTCHECK; PAUL STOWIZKY; JEFFREY M. MARTIN, are sued in their
individual capacities

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 03-cv-01490)
District Judge:  Honorable Thomas M. Hardiman

Submitted Under Third Circuit LAR 34.1(a)
December 1, 2005

BEFORE: SLOVITER, SMITH AND VAN ANTWERPEN, Circuit Judges

(Filed December 2, 2005)

_____

OPINION
_____

PER CURIAM

Christopher Carston, a Pennsylvania prisoner proceeding pro se, appeals an order

of the United States District Court for the Western District of Pennsylvania granting summary judgment for the defendants in his civil rights action. For the reasons that follow, we will vacate the District Court's order and remand for further proceedings.

Carston filed a complaint against Department of Corrections ("DOC") employees and medical providers claiming violations of his constitutional rights based upon the denial of food and water while housed in a psychiatric observation cell from March 4, 2002 through March 7, 2002, as well as verbal abuse by the defendants. The DOC defendants moved for summary judgment, contending Carston had not exhausted his administrative remedies. The District Court adopted the Magistrate Judge's recommendation to grant summary judgment for all of the defendants on this basis.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires a prisoner to exhaust his administrative remedies before bringing a civil rights action in federal court. Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir. 2004). The exhaustion requirement includes a procedural default component, and a prisoner must comply with prison grievance procedures to properly exhaust his claims. Id. at 230-31.

The record reflects that on April 18, 2002, Carston was granted a five-day extension of time to file a grievance. On April 26, 2002, Carston notified a staff member in writing that on April 22, 2002, he asked a corrections officer to place his grievances in

2

the mail box because no one picks up grievances from the grievance box. Carston stated that the officer placed his grievances in the grievance box, and no one came to pick them up. On May 2, 2002, the staff member replied that the matter would be addressed. On May 10, 2002, Carston notified the prison Superintendent in writing that no one had picked up his grievances. On May 13, 2002, the Superintendent replied that the matter would be investigated.

On May 20, 2002, the prison Grievance Coordinator found seven grievances filed by Carston untimely.[1] Although the grievances are dated April 19, 2002 and April 20, 2002, the Grievance Coordinator explained that, even with the five-day extension of time, the grievances were untimely, as they were not retrieved from the grievance box until May 15, 2002. The Coordinator noted that grievances are retrieved from the box on a daily basis as evidenced by other grievances received from Carston's pod.

On May 31, 2002, the prison Superintendent rejected Carston's argument on appeal that the staff had not retrieved the grievances from the grievance box on a timely basis. The Superintendent noted that he saw Carston's grievances, that none of them appeared to have spent a month in the lock box, and that they appeared to have been backdated. He further noted that other inmates' grievances had been retrieved from that

_____

[1]The DOC defendants did not produce a copy of the DOC grievance procedure in District Court. However, it is undisputed that a prisoner has fifteen days after the event upon which a claim is based to file a grievance.

same box during the same time frame. Carston's final appeal was also denied.[2]

There is a factual dispute as to whether Carston complied with the prison grievance procedures. In his opposition to the summary judgment motion, Carston submitted evidence supporting his contention that his grievances were submitted within the five-day extension of time he received. He provided copies of the grievances themselves, which are dated April 19 and 20, 2002. He also submitted copies of the April 26, 2002 notice he sent to a staff member stating a corrections officer placed his grievances in the grievance box on April 22, 2002, but no one had picked them up, and his May 10, 2002 letter to the Superintendent stating that the grievances had not been picked up.

The DOC defendants rely on the Grievance Coordinator's denial of the grievances as untimely, and Carston's unsuccessful appeals. The Grievance Coordinator's decision states that the grievances were received on May 15, 2002. The Grievance Coordinator and the Superintendent noted that other grievances had been received from Carston's pod during the same time period. The DOC defendants cite no other basis for their assertion that Carston did not comply with prison grievance procedures.

Viewing the evidence in the light most favorable to Carston, the non-moving party, see Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995), a genuine

---

[2]Carston subsequently filed numerous additional grievances based upon the same events, which were also found untimely.

issue of material fact exists as to whether Carston complied with prison grievance procedures and properly exhausted his claims. The parties' factual dispute as to whether Carston's grievances were timely precludes summary judgment. Accordingly, we will vacate the District Court's order and remand for further proceedings consistent with this opinion.[3]

---

[3]Carston's motion for appointment of counsel is denied.